UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | CIVIL ACTION NO: |
| RAYMOND C. HUGHES, JR. | * | |
| | * | |
| VERSUS | * | JUDGE: |
| | * | |
| NATIONAL CASUALTY COMPANY | * | |
| JACOB D. MALONE AND R. BAKER, INC. | * | |
| | * | MAGISTRATE JUDGE: |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

<u>**NOTICE OF REMOVAL**</u>

**TO:    The Honorable Judges of the**
**United States District Court for the**
**Eastern District of Louisiana**

NOW INTO COURT, through undersigned counsel, comes defendant, R. Baker, Inc., who hereby file this Notice of Removal of the above captioned civil action pursuant to 28 U.S.C.A. §1441 and 28 U.S.C.A. §1446, and hereby removes this matter to the United States District Court for the Eastern District of Louisiana, based on diversity jurisdiction, and asserts as follows:

I.

This action was brought in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana on September 23, 2022.  The Civil Action number, 2022-2951, Div. D is titled, *Raymond C. Hughes, Jr. v. National Casualty Company, et al.*

II.

This is a civil action brought by the plaintiff, Raymond C. Hughes, Jr., a person of the full age of majority, and, based on information and belief, domiciled in the Parish of Orleans, State of Louisiana, who, according to his Petition, sustained injuries on or about October 21,

1

2021 as a result of an automobile accident in the Parish of Tangipahoa.  A copy of the "Petition for Damages" and USPS certified mail receipt is attached hereto as part of Exhibit A, *in globo*, as it represents the entirety of the state pleadings in defendants 'possession.

III.

This action involves a controversy which is between citizens of different states. Raymond C. Hughes, Jr. is an adult citizen of the State of Louisiana.  Defendant, Jacob D. Malone, is an adult citizen of the State of Alabama.  National Casualty Company of America is a foreign insurer organized under the laws of the State of Arizona, with its principal place of business located in the State of Arizona.  R. Baker, Inc. is a foreign company organized under the laws of the State of Alabama, with its principal place of business in Alabama.

IV.

The petition was filed on behalf of plaintiff on September 23, 2022.  Service to R. Baker, Inc. was effectuated via Long-Arm service on October 3, 2022. Upon information and belief, service to Jacob D. Malone has been attempted via Long Arm Statute and remains pending and service to National Casualty Company has been attempted via through the Louisiana Secretary of State and remains pending; thus, this removal is timely.     The consent to remove this matter to the United States District Court for the Eastern District of Louisiana has been obtained from co-defendants.

V.

This action is one over which the district courts of the United States are given original jurisdiction under 28 U.S.C.A § 1332.  A party may remove any action from state court to federal court if the action is one over which the district courts of the United State have original jurisdiction. 28 U.S.C.A §1441.  The removing party bears the burden of proving that removal is proper and that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th

2

Cir. 1995).  In this case, removal was warranted based upon this Court's original jurisdiction as supplied by 28 U.S.C.A § 1332.  28 U.S.C.A § 1332 supplied federal district courts with original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

Based upon plaintiff's Petition, the diversity of the parties to this suit does not appear to be contested.  The plaintiff is a citizen of Louisiana.  Defendant, Jacob D. Malone, is a citizen of the State of Alabama, defendant, R. Baker, Inc. is a citizen of the State of Louisiana, and National Casualty Company is a citizen of Arizona according to  28 U.S.C.A § 1332.  Accordingly, this Court needs only to determine whether the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

VI.

In order to determine what amount is "in controversy," courts ordinarily refer to the state court petition. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Louisiana law mandates that plaintiffs may not petition for a specific monetary amount.  La. Code  Civ. Proc. Art. 893 (A)(1).  However, Article 893 of the Louisiana Code of Civil Procedure does require "that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required" (emphasis added).  In this matter, plaintiff alleges he has sustained past and future pain and suffering, disability, lost earnings and loss of earning capacity.

Defendants must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d

720, 723 (5th Cir. 2002).  Defendants, however, are not required to prove to a legal certainty or conclusively that the plaintiff will recover more than the jurisdictional amount.  Instead, defendants need only prove that plaintiffs, more likely than not, could recover more than the jurisdictional amount.

Case law has provided guidance as to what types of proof may be offered in order for a removing party to meet the preponderance standard.  For example, a court can determine that removal was proper if it is "facially apparent" that the claims are likely above the required jurisdictional amount.  *DeAguilar v. Boeing Co.,*  11 F.3d 55, 57 (5th Cir. 1993).  This test is performed by referencing the petition and making a determination of whether the claims meet or exceed the jurisdictional amount.  In the alternative, the defendant can set forth the facts in controversy, preferably in the removal petition, but sometimes by affidavit or stipulation, that support a finding of the requisite amount.  *Jeffcoats v. Rite-Aid Pharmacy*, 2001 WL 1561803 (E.D. La. Dec. 6, 2001) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)).

Once the defendant has met its burden of proving that the claim, more likely than not, exceeds $75,000.00, the plaintiff can only defeat removal by proving "to a legal certainty" that the claim will not exceed $75,000.00. *DeAguilar*, 47 F.3d at 1411.  In *DeAguilar,* the Court held that a plaintiff can establish to a "legal certainty" that his claim does not meet or exceed the requisite jurisdictional amount by citing an applicable state law that prohibits recovery over the jurisdictional amount.  *Id.*  If the plaintiff cannot cite such a statute, then "[l]itigants who want to prevent removal *must* file a binding stipulation or affidavit with their complaint" that shows their commitment to recovery below the federal threshold.  *Id.*  In this case, plaintiff has failed to execute or file any such Stipulation.

VII.

Here, the petition alleges that plaintiff, Raymond C. Hughes, Jr., sustained past and future pain and suffering, disability, lost earnings and loss of earning capacity as a result of the accident.     In addition to the foregoing allegations, the petition maintains plaintiff allegedly loss of enjoyment of life.

Based on the foregoing, while defendants have no way of knowing the exact monetary value of these damages that are claimed, it seems, more likely than not, that the amount "in controversy" is greater than $75,000.00.  Further, plaintiff has not stipulated that his damages do not exceed $75,000.00.

VIII.

The above-captioned civil action is therefore removable to this United States District Court pursuant to 28 U.S.C.A §1441 (a) and 28 U.S.C.A §1446.

IX.

A copy of all process, pleadings, and orders served upon defendant is attached hereto as Exhibit A.

X.

This action is removable under and by virtue of the acts of Congress of the United States and the defendant desires to remove it to this Court.  Accordingly, defendant, R. Baker, Inc., asks that the above-captioned action be removed to this Court, the United States District Court for the Eastern District of Louisiana, in accordance with the provisions of 28 U.S.C.A §1441, *et seq.*

Respectfully Submitted,

**LAW OFFICE OF KIMBERLY G. ANDERSON**


*/s/Kimberly G. Anderson*
_____

KIMBERLY G. ANDERSON (#24279)
STACIE J. FITZPATRICK (#31798)
3850 N. Causeway Boulevard, Suite 1230
Metairie, LA 70002
Telephone: (504) 508-2886
Facsimile:  (855) 810-2532
Email:      fitzps4@nationwide.com
Counsel for Defendant, R. Baker, Inc.

## <u>CERTIFICATE OF SERVICE</u>

    I certify that a copy of the above and foregoing pleading has been served upon all counsel of record by:  ☐ U.S. Mail          ☐ Facsimile

                    ☐ Hand Delivery   ☒ Email

this 2nd day of November, 2022.

*/s/Kimberly G. Anderson*
_____
Kimberly G. Anderson